

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

IGOR FINKELSHTEIN,

Defendant.

**DECISION AND ORDER**

16-CR-00170 EAW

---

# BACKGROUND

On January 20, 2017, defendant Igor Finkelshtein ("Defendant") waived indictment and pleaded guilty to a one-count information charging a violation of 26 U.S.C. § 7206(1) (making and subscribing a false tax return). (Dkt. 1; Dkt. 2; Dkt. 4; Dkt. 22). At sentencing on June 12, 2017, the Court ultimately calculated a guideline imprisonment range of 8 to 14 months, based upon an offense level of 11 and a criminal history category of I. The Court sentenced Defendant to 2 years probation, and imposed restitution in the amount of $84,757, a fine of $20,000, and a $100 mandatory special assessment.

On October 5, 2018, Defendant filed a motion pursuant to 18 U.S.C. § 3564(c), seeking early termination of his probationary term, set to expire on June 12, 2019. (Dkt. 26). The motion notes that prior to sentencing, Defendant had paid in full all taxes, interest, and penalties owed by him in the total amount of $293,000. (*Id.* at ¶ 7). In addition, within ten days of sentencing, Defendant paid the fine and special assessment. (*Id.* at ¶ 8). Defendant's motion states that he has been "a model probationer," remains gainfully employed, and has otherwise led a law-abiding life since his sentencing. (*Id.* at ¶¶ 11-12).

- 1 -

The Government filed a response in opposition to Defendant's motion, arguing that simply complying with the terms of probation does not constitute exceptional circumstances justifying early termination. (Dkt. 28 at 2-3). Defendant submitted a reply outlining factors that he contends constitute exceptionally good behavior, justifying early termination. (Dkt. 29).

After Defendant submitted his motion, and at the Court's request, the United States Probation Office submitted a memorandum dated October 17, 2018, noting that Defendant has complied with all rules and regulations of his supervision and has continued "to maintain stability within his family residence and business," and, as a result, indicating that the Probation Office did not object to early termination.

## ANALYSIS

The relevant statutory provision upon which Defendant bases his motion, states in relevant part as follows:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c). Thus, pursuant to the express terms of § 3564(c), at least one year of probation must have been served in the case of a felony, the applicable factors set forth at 18 U.S.C. § 3553(a) must be considered, and the court must be satisfied that the early termination of probation "is warranted by the conduct of the defendant and the interest of justice." *Id.* Simply complying with the terms of a probationary sentence and not

reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation. *See, e.g., United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] . . . post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

Here, Defendant has served the necessary time on probation to justify his pending motion (having served approximately 16 of 24 months). In terms of the factors set forth at 18 U.S.C. § 3553(a), Defendant's history and characteristics are certainly commendable, and indeed, the Court took those into account when originally imposing its sentence. Moreover, the Court did not believe at the time of its original sentence that Defendant presented a risk of recidivism, and that has been borne out by Defendant's compliance with probation and his accurate tax filings since the sentence. However, Defendant's crime was serious and detrimental to society, and a sentence of incarceration could very well have been justified at the time of the original sentence based upon considerations of promoting respect for the law, providing just punishment for the offense, and affording adequate deterrence to criminal conduct. Likewise, more restrictive conditions of probation (such as electronic monitoring and home detention) could have been justified at the time of the original sentence, but the Court elected not to impose those conditions based upon its consideration of all the § 3553(a) factors.

In support of his motion, Defendant cites to various exceptional circumstances relating to his background, but for the most part, those circumstances were relied upon by the Court in imposing the 2-year probation sentence. In other words, the factors cited in Defendant's papers are, in part, the reason that this Court did not sentence Defendant to a term of incarceration, but rather imposed a probationary sentence. At the time of sentencing, based upon its consideration of the factors set forth at 18 U.S.C. § 3553(a), this Court concluded that a 2-year probation sentence was a reasonable and appropriate sentence. While the Court is satisfied that Defendant has performed well on probation thus far, and also is encouraged by Defendant's post-sentencing activities in hiring a qualified Chief Financial Operator for his company and satisfying all payment obligations imposed as part of the sentencing in this case, that does not justify early termination of probation. This conclusion is only further buttressed by the fact that the conditions of probation are relatively lenient. The Court has considered the § 3553(a) factors and the standard set forth in § 3564(c), and concludes that Defendant should continue on probation until expiration as initially ordered. Therefore, Defendant's motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion (Dkt. 26) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: October 22, 2018
 Rochester, New York